UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OLIVIA STOLZ,

    Plaintiff,

CASE NO.:

v.

A. GUPTA, M.D., P.A., d/b/a
SUNSHINE WALK-IN / URGENT CARE,
A Florida Profit Corporation, and
ANITA GUPTA, M.D., an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, OLIVIA STOLZ, ("Plaintiff") by and through her undersigned counsel, sues Defendants A. GUPTA, M.D., P.A., ("AGPA"), a Florida Profit Corporation, and ANITA GUPTA, M.D., ("DR GUPTA"), an individual, (collectively "Defendants"), and alleges as follows:

### Jurisdiction and Venue

1. This is an action for damages by Plaintiff against her former employers for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"); and the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"). This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper in this District Court because it is the location and/or residence of the Defendants, and the substantial part of the events giving rise to the instant action occurred in

1

Seminole County, Florida. At all times material to the instant action, Defendants conducted substantial, continuous, and systematic commercial activities in Seminole County, Florida.

### Parties and Factual Allegations

3. Plaintiff is an individual *sui juris*, residing in Seminole County, Florida.

4. Plaintiff was an employee of Defendants as defined by 29 U.S.C. 203(e), which is also incorporated in the FMWA.

5. Plaintiff worked as a "Physician Assistant" ("PA") and should have been paid at a rate which met or exceeded the Florida minimum wage.

6. Plaintiff's job duties and responsibilities required Plaintiff to regularly engage in commerce and/or use the tools of commerce.

7. Plaintiff was an employee of Defendants pursuant to the Fair Labor Standards Act and the Florida Minimum Wage Act.

8. Defendant AGPA is/was a Florida Profit Corporation doing business in Seminole County, Florida.

9. Defendant AGPA is/was an enterprise engaged in commerce with annual gross business of $500,000 or more.

10. Defendant AGPA was an employer of Plaintiff as defined by 29 U.S.C. § 203(d), which is incorporated in the FMWA.

11. Defendant DR GUPTA is an individual, a resident of Seminole County, Florida, and upon information and belief, was and is the owner and operator of Defendant AGPA.

12. Defendant DR GUPTA acted and acts directly in the interests of Defendant AGPA in relation to its employees. Thus, she was and is an employer within the meaning of 29 U.S.C. 203(d), which is incorporated in the FMWA.

13. Defendant DR GUPTA is the individual owner, officer and supervisor of Plaintiff and she exercised day-to-day control of operations and was involved in the supervision and payment of employees, including Plaintiff.

14. Plaintiff was employed by Defendants from on or around January 2, 2019 through on or around April 10, 2020.

15. No valid, enforceable written contract was entered into between Plaintiff and Defendants.

16. Plaintiff and Defendants entered into a valid and enforceable oral contract.

17. Plaintiff did not receive compensation for any of the hours worked from on or around January 2, 2019 through on or around April 10, 2020.

18. As a result, Defendants failed to compensate Plaintiff for any and all hours worked at a rate which met or exceeded the applicable Florida minimum wage.

19. Defendants had knowledge of the hours worked by Plaintiff and permitted Plaintiff to work the same.

20. Defendants' violations of the FMWA and FLSA were willful.

21. As a result of Defendants' willful and unlawful behavior, Plaintiff suffered substantial damages.

22. From the period of on or around January 2, 2019 to on or around April 10, 2020, Plaintiff is owed $12,148.53 in unpaid minimum wages (under applicable Florida Minimum Wage rates) and other statutory damages.

23. On July 24, 2020, Plaintiff provided to Defendants by FedEx mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is

sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. § 443.110(6)(a), satisfying all pre-suit notification requirements.

24. Plaintiff met all pre-suit notification requirements under the laws applicable hereto.

25. Plaintiff retained Lytle & Barszcz, P.A. to represent her in this matter and agreed to pay Lytle & Barszcz, P.A., reasonable attorneys' fees for its services.

## COUNT I
### Failure to Pay Overtime in Violation of the FLSA

26. Plaintiff repeats and incorporates by reference Paragraphs 1 through 25 above, as though fully set forth herein.

27. Defendants are enterprises engaged in commerce, who upon information and belief had annual gross revenue of not less than $500,000.

28. Plaintiff was an employee of Defendants and was engaged in interstate commerce.

29. Defendants were employers of Plaintiff and are employers under the FLSA.

30. Defendants failed to compensate Plaintiff for any hours worked.

31. Defendants' violations of the FLSA were willful.

32. As a result of Defendants' willful and unlawful behavior, Plaintiff has suffered substantial damages.

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

a. Unpaid wages found to be due and owing;

b. Liquidated damages in an amount equal to the unpaid wages;

c. Pre- and post-judgment interest as allowed by law;

d. Reasonable attorneys' fees and costs incurred in prosecuting this action; and

e. Other relief as this Court finds just and proper.

## COUNT II

## Failure to Pay Minimum Wage in Violation of the FMWA

33. Plaintiff repeats and incorporates by reference Paragraphs 1 through 25 above, as though fully set forth herein.

34. Plaintiff was an employee of Defendants.

35. Plaintiff's job duties and responsibilities required Plaintiff to regularly engage in commerce and/or use the tools of commerce.

36. Defendants were employers of Plaintiff.

37. Defendants are enterprises engaged in commerce, who upon information and belief had annual gross revenue of not less than $500,000.

38. Defendants failed to compensate Plaintiff for all hours worked at a rate which met or exceeded the Florida minimum wage.

39. As a result of Defendants' willful and unlawful behavior, Plaintiff has suffered substantial damages.

40. Plaintiff satisfied all pre-suit requirements prior to bringing this action.

41. Specifically, on July 24, 2020, Plaintiff provided to Defendants by FedEx mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. § 443.110(6)(a).

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

a. Unpaid minimum wages found to be due and owing;

b. Liquidated damages in an amount equal to the unpaid minimum wages;

c. Pre- and post-judgment interest as allowed by law;

d. Reasonable attorneys' fees and costs incurred in prosecuting this action; and

e. Other relief as this Court finds just and proper.

Respectfully submitted this 5th day of October 2020.

*[signature]*

**Mary E. Lytle, Esq.**
Florida Bar No. 0007950
**David V. Barszcz, Esq.**
Florida Bar No. 0750581
**LYTLE & BARSZCZ, P.A.**
533 Versailles Dr. Suite 200
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**